# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-CR-00358 |
| | § | Judge Mazzant |
| JOHN RODGERS (2) | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Reconsider Rodgers' Motion to Dismiss the Superseding Indictment and Request for an Evidentiary Hearing (Dkt. #57). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED**.

## BACKGROUND

On April 15, 2021, the Government filed a First Superseding Indictment (hereinafter "Indictment") against Neeraj Jindal ("Jindal") and John Rodgers ("Rodgers") for violating the following statutes: 1) 15 U.S.C. § 1 (Antitrust Conspiracy: Price Fixing under the Sherman Act); 2) 18 U.S.C. § 371 (Conspiracy to Commit Offense); and 3) 18 U.S.C. §§ 1505 and 2 (Obstruction of Proceedings before the Federal Trade Commission) (Dkt. #21).

On June 18, 2021, Rodgers filed a motion to dismiss the Indictment, alleging the Government's prosecution of him breached an oral non-prosecution agreement (Dkt. #45). In the motion, Rodgers did not request an evidentiary hearing. On November 29, 2021, the Court denied Rodgers' motion, finding that no non-prosecution agreement between Rodgers and the Government was reached as a matter of law (Dkt. #56). The Court reached this conclusion after "fully crediting" a declaration submitted by Rodger's counsel, Brian Poe ("Poe"), and examining thirteen other exhibits that Rodgers had submitted with his motion to dismiss (*see* Dkt. #56 at

p. 36). Now for the first time, Rodgers, in a motion for reconsideration, argues he was entitled to an evidentiary hearing on the motion to dismiss. (Dkt. #57 at p. 2).

## LEGAL STANDARD

Although motions for reconsideration "are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device." *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991) (citing *United States v. Cook*, 670 F.2d 46, 48 (5th Cir.), *cert. denied*, 456 U.S. 982 (1982)). In the context of criminal proceedings, courts apply the same legal standards that are applied to motions for reconsideration in civil cases. *United States v. Cramer*, No. 1:16-CR-26, 2018 WL 7821079, at *2 (E.D. Tex. Mar. 8, 2018). Motions to reconsider serve the "very limited purpose [] [of] 'permit[ting] a party to correct manifest errors of law or fact, or to present newly discovered evidence.'" *Polen v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:16-CV-00842, 2017 WL 3671370, at *1 (E.D. Tex. June 30, 2017) (quoting *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002)). Further, granting a motion to reconsider "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Empls. Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). Indeed, reconsideration is not freely granted unless the movant shows: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

"Mere disagreement with a district court's order does not warrant reconsideration." *Westport Ins. Corp. v. Stengel*, 571 F. Supp. 2d 737, 738 (E.D. Tex. 2005) (citing *Krim*, 212 F.R.D. at 332). Moreover, parties should present their strongest arguments upon initial consideration of a matter—"motions for reconsideration should not be used to raise arguments that could, and

should, have been made before the entry of judgment or to re-urge matters that have already been advanced by a party." *Tex. Instruments, Inc. v. Hyundai Elecs. Indus.*, Co., 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999) (internal quotations omitted) (brackets and ellipsis omitted).  To be sure, the opinions of a district court "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Hernandez v. Rush Enters., Inc*., No. 4:19-CV-638, 2021 WL 1163725, at *1 (E.D. Tex. Mar. 26, 2021) (internal quotations and citations omitted).

## ANALYSIS

Rodgers asks the Court to reconsider its denial of his motion to dismiss because "[a]llowing the [G]overnment to prosecute an individual who firmly believes he had an oral non-prosecution agreement without sorting through any pleading deficiencies, via an evidentiary hearing, risks that a manifest injustice will occur" (Dkt. #57 at p. 2).  In other words, Rodgers argues that a "manifest injustice" will occur if the Court does not reconsider its decision and hold an evidentiary hearing, which Rodgers believes will "sufficiently resolve any ambiguity that may be contained in the pleadings" (Dkt. #57 at p. 2).  However, Rodgers' argument fails for several reasons.

First, Rodgers never requested an evidentiary hearing on his motion to dismiss.  The Fifth Circuit has made clear that Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Accordingly, Rodgers' failure to request an evidentiary hearing sooner, by itself, is fatal to his motion for reconsideration. *See Ruiz v. Allstate Ins. Co*., 295 F. App'x 668, 673 (5th Cir. 2008) (per curiam) (unpub.) (finding plaintiff waived any right to evidentiary hearing on his challenge to the validity of the parties purported settlement agreement by raising the issue for the first time in a motion for reconsideration); *see also United States v. Razzouk*, 828 F. App'x. 773, 778–79 (2d. Cir. 2020) (unpub.) (finding that

district court did not abuse its discretion in declining to hold a full evidentiary hearing on defendant's breach of the cooperation agreement because defendant "did not request the hearing that he now argues he should have had"); *United States v. Tardiff*, 969 F.2d 1283, 1286 (1st Cir. 1992) ("[T]he failure to ask the district court to convene an evidentiary hearing ordinarily spells defeat for a contention that one should have been held."), *superseded on other grounds as recognized in United States v. Reccko*, 151 F.3d 29, 33 (1st Cir. 1998).

Further, Rodgers "fails to explain why his belated hearing request is one of the limited circumstances where a motion to reconsider is appropriate." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (affirming denial of request for hearing made for the first time in a motion to reconsider), *overruled in part on other grounds by Hill v. Tangherlini*, 724 F.3d 965, 967 n.1 (7th Cir. 2013). In fact, Rodgers' motion is completely devoid of any explanation for why an evidentiary hearing was not requested sooner. Indeed, rather than requesting an evidentiary hearing, Rodgers relied upon an eight-page declaration from his counsel and exhibits detailing communications between the Government and Rodger's counsel—in fact, 59 pages of documents in total. To be sure, Rodgers' submission of voluminous written materials coupled with the absence of a request for an evidentiary hearing in them suggests that Rodgers believed the issue could be resolved by written briefs and supporting documentation. And "[n]ormally a party that elects to gamble on a 'battle of affidavits' must live by that choice." *Holt v. Cont'l Grp., Inc.*, 708 F.2d 87, 90 n. 2 (2d Cir. 1983) (citing *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1204–05 (2d Cir. 1970), which noted that typically a party who relies on opposing a preliminary injunction solely on the basis of affidavits cannot complain later when a decision is adverse). However, dissatisfied with the Court's ruling, that was explicitly based on the declaration and exhibits he submitted, Rodgers now seeks an evidentiary hearing.

To put it bluntly, the belated request gives the Court the impression that Rodgers, displeased with the Court's ruling, is hoping to obtain a "second bite at the apple." Yet the lengthy documents supporting Rodgers' motion to dismiss confirm Rodgers had ample opportunity to provide the Court with the necessary details concerning the alleged agreement. And though Rodgers now argues that an evidentiary hearing "should sufficiently resolve any ambiguity that may be contained in the pleadings" (Dkt. #57 at p. 2), this argument comes too late. Motions to reconsider "should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *SPE FO Holdings, LLC v. Retif Oil & Fuel, LLC,* No. 07–3779, 2008 WL 3285907, at *3 (E.D. La. Aug. 6, 2008).

Additionally, motions to reconsider serve the "very limited purpose [] [of] 'permit[ting] a party to correct manifest errors of law or fact, or to present newly discovered evidence.'" *Polen*, 2017 WL 3671370, at *1 (quoting *Krim*, 212 F.R.D. at 331). And though Rodgers now requests an evidentiary hearing, he has not specified what additional evidence or testimony, if any, he would offer at the hearing, beyond that which was already before the district court at the time of its ruling. Thus, Rodgers has not shown how an evidentiary hearing would make a difference. But "[e]videntiary hearings on motions are the exception, not the rule . . . Thus, a party seeking an evidentiary hearing must carry a fairly heavy burden of demonstrating a need for special treatment." *United States v. Isom*, 85 F.3d 831, 838 (1st Cir. 1996) (quoting *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993)). Rodgers has not done so. Indeed, having already viewed the pleadings in the light most favorable to Rodgers, the Court concluded that no agreement was reached as a matter of law. And without even a hint of what additional evidence might be proffered at a live hearing, Rodgers has given the Court simply no reason to think that live testimony or any further inquiry would alter the Court's conclusion. *See United States v. Roberts*,

5

No. 97-CR-10, 1998 WL 278293, at \*4–\*5 (N.D.N.Y May 19, 1998) (concluding no cooperation agreement was reached based on competing affidavits and denying defendant's request for evidentiary hearing because "[a]t most [] [defendant] allege[d] that he held some subjective belief that the government would not prosecute").

Second, and more importantly, because the Court did not rely on any disputed facts in determining whether an oral non-prosecution agreement was reached, conducting an evidentiary hearing was and would be unnecessary. *See United States v. Dean*, 100 F.3d 19, 21 (5th Cir. 1996) ("Evidentiary hearings are not granted as a matter of course; such a hearing is required only if any disputed material facts are necessary to the decision of that motion."); *see also United States v. Sophie*, 900 F.2d 1064, 1072 (7th Cir. 1990) (finding that it "was proper for the district court to conclude there were no important disputed facts and that no evidentiary hearing was necessary" in concluding that no plea agreement existed). Rather, in reaching its conclusion, the Court "fully credit[ed] Poe's declaration," "accepted[ed] [it] as the truth" and assumed "that Rodgers ha[d] demonstrated the factual aspect of the alleged agreement" (Dkt. #56 at p. 36). Nonetheless, the Court found that no agreement was reached as a matter of law (Dkt. #56 at p. 36). Thus, the Court found the dispositive issue to be a legal issue, not a factual one. *See Coe v. Chesapeake Expl. L.L.C*, 695 F.3d 311, 320 (5th Cir. 2012) ("Whether an agreement fails for indefiniteness is a question of law."); *see also In re Jay*, 432 F.3d 323, 327 n.3 (5th Cir. 2005) ("The terms of an oral contract must be definite, certain, and clear as to all essential terms") (internal quotation marks omitted). And, importantly, "[n]o evidentiary hearing is required if a question of law rather than a factual dispute is involved." *Zachary v. FERC*, 621 F.2d 155, 158 (5th Cir. 1980) (citations omitted); *see also United States v. Diaz*, 941 F.3d 729, 740 (5th Cir. 2019) (finding that "district court correctly determined that there was no need for an evidentiary hearing" because the issue

6

presented "legal questions[] and [the defendant] had 'not articulated any factual disputes' for the district court to resolve").

Rodgers now seeks an evidentiary hearing so the Court can "sort[] through any pleading deficiencies" and "resolve any ambiguity that may be contained in the pleadings" (Dkt. #58 at p. 2). But as the Court's ruling did not rely on any purported ambiguities in the parties' pleadings, an evidentiary hearing would not "resolve" anything—it would be a pointless exercise. Instead, the Court "fully credit[ed] Poe's declaration," yet found the alleged agreement failed to contain essential terms as a matter of law (Dkt. #56 at p. 36); *see United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983) ("Evidentiary hearings are not granted as a matter of course, but are held only when the defendant alleges sufficient facts which, if proven, would justify relief."). Stated differently, because the Court's reasoning was based on a legal conclusion, not a factual one, an evidentiary hearing could not correct any purported error. *See United States v. Smith*, 81 F. Supp. 2d. 719, 721 (E.D. Tex. 2000) ("Because no disputed material facts are necessary to the resolution of [the dispositive issues in this case], witness testimony is unnecessary and the motion can be resolved on the parties' filings alone. The court thus finds that an evidentiary hearing need not be convened in this case.").

Rodgers' argument that "[a]llowing the [G]overnment to prosecute an individual who firmly believes he had an oral non-prosecution agreement without sorting through any pleading deficiencies, via an evidentiary hearing, risks that a manifest injustice will occur" highlights that his motion to reconsider was dead on arrival (*see* Dkt. #57 at p. 2). Simply put, Rodgers argues an evidentiary hearing should be conducted because he holds a "firm" belief that he had an oral non-prosecution agreement with the Government. But Rodgers' subjective belief is not sufficient to require the Court to reach a different conclusion as to what the parties' reasonable understanding

7

of the agreement was. *See Sophie*, 900 F.2d at 1071 ("Despite what might have been [the defendant]'s subjective belief, [the defendant]'s submission to the district court, judged objectively, leads to only one conclusion: no agreement existed."). Rather, "[t]he requisite meeting of the minds is evaluated on the objective standard of what the parties said and did—and not on their subjective state of mind." *Girards v. Frank*, No. 3:13-cv-2695-BN, 2016 WL 454465, at *3 (N.D. Tex. Feb 5, 2016) (internal quotation marks omitted). And, here, the Court "accepted[ed] [] Poe's declaration as the truth[,]" examined the alleged agreement, and objectively found that there was no meeting of the minds on all essential terms (Dkt. #56 at p. 36). Indeed, the Court never rejected a single factual assertion by Rodgers; it simply disagreed with the legal significance of the conversations between Poe and the Government.

In sum, Rodgers has presented nothing that justifies the "extraordinary remedy" of granting a motion to reconsider. Rodgers has not shown: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d at 629. While Rodgers argues for the first time that an evidentiary hearing is necessary to prevent a "manifest injustice[,]" Rodgers provides no further analysis regarding the alleged manifest injustice. Further, the Court is unpersuaded by Rodgers' manifest injustice argument given that (1) he could have easily requested an evidentiary hearing sooner, and (2) the Court fully credited Poe's declaration but found that no agreement was a reached as a matter of law. At bottom, Rodgers disagrees with the Court's determination that no legally enforceable oral non-prosecution agreement was reached. But "[m]ere disagreement with a district court's order does not warrant reconsideration of [an] order." *Westport Ins. Corp.*, 571 F. Supp. 2d at 738 (citing *Krim*, 212 F.R.D. at 332). Consequently, Rodgers has not met his burden of demonstrating that reconsideration is warranted.

8

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Reconsider Rodgers' Motion to Dismiss the Superseding Indictment and Request for an Evidentiary Hearing (Dkt. #57) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 25th day of March, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE