# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | No.  4:20-CR-00358 |
| | § | Judge Mazzant |
| NEERAJ JINDAL (1) | § | |
| JOHN RODGERS (2) | § | |

**Members of the Jury**:

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to decide what evidence is proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts.  But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely on the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## PRESUMPTION OF INNOCENCE,
## BURDEN OF PROOF, REASONABLE DOUBT

The First Superseding Indictment or formal charge against a defendant is not evidence of guilt.  Indeed, the defendants are presumed by the law to be innocent.  The defendants begin with a clean slate.  The law does not require a defendant to prove his or her innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a defendant not to testify.

The government has the burden of proving the defendants guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendants.  While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendants' guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendants' guilt.

A "reasonable doubt" is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act on it without hesitation in making the most important decisions of your own affairs.

## INSTRUCTION REGARDING JUROR QUESTIONS

As I told you in my preliminary instructions, I have given you the opportunity to give me written questions anonymously after a witness testified when you had an important question of the witness that was strictly limited to the substance of the witness's testimony.  Remember that I asked you not to be offended if I did not present your question to be answered by the witness.  You

2

should not speculate about the answer to any unasked question, and you should not speculate on or consider any facts or events outside the testimony and exhibits you have heard and seen in this courtroom.

## DEFENDANT'S TESTIMONY

A defendant has an absolute right not to testify. The fact that a defendant does not testify should not be considered by you in any way or even discussed in your deliberations. I remind you that it is up to the government to prove the defendants' guilt beyond a reasonable doubt.  It is not up to the defendant to prove that he is not guilty.

## INDIVIDUAL LIABILITY

A person who acts on behalf of a company is personally responsible for what he knowingly does or knowingly causes someone else to do. This is so even if he acted on the instructions of a superior.

A person who is a manager or supervisor of a company is also responsible for the acts of his subordinates if he knowingly authorizes, orders, or consents to the participation in the conspiracy of someone he manages or supervises.

However, a person who is a manager of a company is not criminally responsible for illegal acts committed by another agent on behalf of that company merely because of his status as a manager or supervisor of the company. Moreover, a defendant who is an officer or employee of a corporation is not criminally responsible for the illegal acts of another officer or employee performed on behalf of that corporation merely because of his status as an officer or employee of the corporation.

## EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts.  To do so, you must consider

only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding on you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision.   Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.  Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

## EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of a defendant beyond a reasonable doubt before you can find him or her guilty.

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.  You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was.  In making that decision I suggest that you ask yourself a few questions:  Did the witness impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness have any relationship with either the government or the defense?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the

witness's testimony differ from the testimony of other witnesses?  These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.  In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.  You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## CHARACTER EVIDENCE

Where a defendant has offered evidence of good general reputation for truth and veracity, honesty and integrity, or character as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

## IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true.  You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think

the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## EXPERT OPINION TESTIMONY

During the trial you heard the testimony of various witnesses who expressed opinions on certain matters.  If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## "IN OR AROUND" AND "ON OR ABOUT"

You will note that the First Superseding Indictment charges that the offenses were committed "in or around" a specified date range or "on or about" a specific date. The government does not have to prove that the crimes were committed in that exact date range, or on that exact date, so long as the government proves beyond a reasonable doubt that:

1. As to Count One, the defendants knowingly joined a conspiracy that existed for a period reasonably near March 2017 through August 2017, the date range stated in the First Superseding Indictment;

2. As to Count Two, the defendants knowingly joined a conspiracy that existed for a period

reasonably near April 2017 through October 2017, the date range stated in the First Superseding Indictment, and one or both of the defendants committed at least one of the overt acts described in the First Superseding Indictment on a date reasonably near the date stated in the First Superseding Indictment for that overt act;

3. As to Count Three, Defendant Jindal committed the crime on a date or in a date range reasonably near April 2017 through October 2017, the date range stated in the First Superseding Indictment; and

4. As to Count Four, Defendant Rodgers committed the crime on a date or in a date range reasonably near April 2017 through October 2017, the date range stated in the First Superseding Indictment.

## VENUE—CONSPIRACY

The events presented at trial happened in various places. There is no requirement that the entire conspiracy take place in the Eastern District of Texas, but in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this district, even if the defendant never set foot in the district. An overt act is an act performed to affect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself. Though the overt act need not be of criminal nature, it must be done in furtherance of the object of the conspiracy.

Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence. This means the government has to convince you only that it is more likely than not that part of the conspiracy took place in the Eastern District of Texas. All other elements of the offense must be proved beyond a reasonable doubt. You are instructed that Denton County is located in the Eastern District of Texas.

## CAUTION—PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

## MULTIPLE DEFENDANTS—MULTIPLE COUNTS

A separate crime is charged against one or both of the defendants in each count of the First Superseding Indictment.  Each count, and the evidence pertaining to it, should be considered separately.  The case of each defendant should be considered separately and individually.  The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant. You must give separate consideration to the evidence as to each defendant.

## SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, records, and other documents) in the case. These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that has been admitted.

## SUMMARIES AND CHARTS RECEIVED IN EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 1006

Certain charts and summaries of other records have been received into evidence. They should be considered like any other evidence in the case. You should give them only such weight as you think they deserve.

The charts and summaries include inferences or conclusions drawn from the records underlying them. It is up to you to determine if these inferences or conclusions are accurate.

The underlying records are the best evidence of what occurred.

## SUMMARY WITNESS TESTIMONY AND CHARTS BASED ON OTHER EVIDENCE

Summary testimony by a witness and charts or summaries prepared or relied upon by the witness have been received into evidence for the purpose of explaining facts disclosed by testimony and exhibits which are also in evidence in this case. If you find that such summary testimony and charts correctly reflect the other evidence in the case, you may rely upon them. But if and to the extent that you find they are not in truth summaries of the evidence in the case, you are to disregard them. The best evidence of what occurred are the underlying records themselves.

## JUDICIAL NOTICE

The Court took judicial notice of the following facts, which the jury shall accept as being proven true:

1. The Federal Trade Commission ("FTC") is an agency of the United States.

2. An FTC investigation is a proceeding before an agency of the United States.

## CAUTION—CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that each defendant is guilty of the crimes charged.  The defendants are not on trial for any act, conduct, or offense not alleged in the First Superseding Indictment.  Neither are you called on to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## TESTIMONY OF A WITNESS UNDER CORPORATE LENIENCY AGREEMENT

You have heard testimony from Sheri Yarbray, whose company, Your Therapy Source, LLC, entered into a corporate leniency agreement with the Department of Justice Antitrust Division. The corporate leniency agreement provides that the company, and any employees covered by the agreement, including Yarbray, will not be prosecuted criminally by the government

for any defined act or offense committed prior to the date of the corporate leniency agreement if the company and the covered employees provide truthful, full, continuing and complete cooperation. A company, and covered employees, who fail to comply fully with the obligations under the corporate leniency agreement lose the guarantee of nonprosecution.

It is permissible for the government to grant corporate leniency, and the government's reasons for doing so are not relevant for you to consider. Such agreements are permissible.  In evaluating Yarbray's testimony, you should consider the extent, if any, to which or whether Yarbray's testimony may have been influenced by the grant of corporate leniency. You should bear in mind that testimony from such a witness is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

## I.      COUNT ONE

### SECTION 1 OF THE SHERMAN ACT

Count One of the First Superseding Indictment charges a violation of Section 1 of the Sherman Act, which provides that "every contract, combination . . . or conspiracy, in restraint of trade . . . is declared illegal."  Specifically, the First Superseding Indictment alleges that, from in or around March 2017 to in or around August 2017, the defendants and co-conspirators knowingly entered into and engaged in a conspiracy to suppress competition by agreeing to fix prices by lowering the pay rates to physical therapists and physical therapist assistants.

Section 1 of the Sherman Act makes unlawful certain agreements that, because of their harmful effect on competition and lack of any redeeming virtue, are unreasonable restraints on trade. Conspiracies to fix prices by lowering pay rates are deemed to be unreasonable restraints of

trade and therefore illegal, without consideration of the precise harm they have caused or any business justification for their use.

### ELEMENTS OF THE OFFENSE—CONSPIRACY TO FIX PRICES
### 15 U.S.C. § 1
### (Count One)

As previously stated, Count One of the First Superseding Indictment charges the defendants with conspiracy to fix prices.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* A conspiracy existed between two or more competitors to lower pay rates to physical therapists and/or physical therapist assistants from in or around March 2017 to in or around August 2017;

*Second:* The defendant knowingly joined the conspiracy; and

*Third:* The conspiracy involved interstate trade or commerce.

If you find from your consideration of all the evidence that the government has proven each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

### CONSPIRACY FOR COUNT ONE—GENERALLY

As I have just told you, the first element that the government must prove for Count One, beyond a reasonable doubt, is that the price fixing conspiracy charged in the First Superseding Indictment actually existed. The existence of a conspiracy is important because a conspiracy to violate Section 1 of the Sherman Act requires an agreement between two or more people working

on behalf of different, competing companies.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.  The government must prove, beyond a reasonable doubt, that the members of the conspiracy came to a mutual understanding to accomplish or try to accomplish a goal or unlawful objective. That is, the evidence must show that they had a conscious commitment to a common scheme designed to achieve an unlawful objective. You must find that there was a meeting of the minds as to the objective of the conspiracy. However, the government is not required to prove that the defendant knew his actions were illegal or that he specifically intended to restrain trade or violate the law.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. For purposes of the Sherman Act, if a defendant understands the nature of a plan or scheme, and knowingly joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government does not need to prove that the alleged conspirators entered into any formal agreement, or that they directly stated between themselves all the details of the scheme. Likewise, the government does not need to prove that all of the details of the scheme alleged in the First Superseding Indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may

have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

In your consideration of the conspiracy offenses as alleged in the First Superseding Indictment, you should first determine, from all of the testimony and evidence in the case, whether or not a conspiracy existed as charged.  If you conclude that a conspiracy did exist as alleged, you should next determine whether or not the defendant under consideration willfully became a member of such conspiracy.

In determining whether the defendant was a member of an alleged conspiracy, however, the jury should consider only the evidence, if any, pertaining to the defendant's own acts and statements.   The defendant is not responsible for the acts or declarations of other alleged participants until it is established beyond a reasonable doubt, first, that a conspiracy existed, and second, from the evidence of the defendant's own acts and statements that the defendant was one of its members.

On the other hand, if and when it does appear beyond a reasonable doubt from the evidence in the case that a conspiracy did exist as charged, and that the defendant was one of its members, then you may consider the statements and acts knowingly made and done during such conspiracy and in furtherance of its objects, by any other proven member of the conspiracy as evidence against the defendant, even though he was not present to hear the statement made or see the act done.

Therefore, if you have first found beyond a reasonable doubt that the defendant is a member of the conspiracy charged in Count One of the First Superseding Indictment and if you find, another conspirator committed acts in furtherance of or as a foreseeable consequence of that

14

conspiracy, then you may find the defendant responsible for said acts, even though the defendant may not have personally participated in the acts.

This is true because, as stated earlier, a conspiracy is a kind of partnership so that under the law each member is an agent or partner of every other member, and each member is bound by or responsible for the acts and the statements of every other member made in pursuit of their unlawful scheme.

## CONSPIRACY TO FIX PRICES

Count One of the First Superseding Indictment charges the defendants with a conspiracy to fix prices by lowering the pay rates of physical therapists and/or physical therapist assistants. A price-fixing conspiracy is an agreement or mutual understanding among competitors to fix, control, raise, lower, maintain, or stabilize the prices charged, or to be charged, for products or services. An agreement or mutual understanding among competitors to fix, control, raise, lower, maintain, or stabilize pay rates is a type of price fixing.

A price-fixing conspiracy need not be an agreement to establish the same price or pay rate. Prices or pay rates may be "fixed" or agreed upon in other ways. For example, prices are fixed if conspirators agree to lower pay rates.

If you should find that the defendant entered into a conspiracy to fix prices by lowering pay rates, the fact that the defendant or his co-conspirators did not take any steps to effectuate the conspiracy, that one or more of them did not abide by the conspiracy, that one or more of them may not have lived up to some aspect of the conspiracy, or that they may not have been successful in achieving their objectives, is no defense. The agreement is the crime, even if it is never carried out. If the defendant or a co-conspirator never acted in accordance with the agreement, that is evidence you may consider in determining whether the defendant or co-conspirator ever joined the

conspiracy.

Furthermore, it is no defense that the conspirators actually competed with each other in some manner or that they did not conspire to eliminate all competition. Nor is it a defense that the conspirators did not attempt to conspire with all of their competitors. Similarly, the conspiracy is unlawful even if it did not extend to all physical therapists or physical therapist assistants who contracted with or were employed by the conspirators.

You need not be concerned with whether the conspiracy was reasonable or unreasonable, the justifications for the conspiracy, or the harm, if any, done by it. It is not a defense and not relevant that the parties may have acted with good motives or had a business justifications.

Nevertheless, you may consider all the facts and circumstances in determining whether the defendant's conduct reflects his independent acts or business judgments while freely competing in the open market, or whether it instead reflects a conspiracy among the defendant and his co-conspirators.

## KNOWINGLY JOINED

As previously noted, the second element the government must prove beyond a reasonable doubt for you to find each defendant guilty on Count One is that the defendant knowingly joined the price-fixing conspiracy charged in the First Superseding Indictment. The word "knowingly" means that the act was done voluntarily and intentionally, not because of mistake or accident. Therefore, before you may convict the defendant, the evidence must establish that the defendant voluntarily became a member of the conspiracy to fix pay rates, knowing of the conspiracy's goal and intending to help accomplish that goal—here, price fixing.

As I have already instructed you, a price-fixing conspiracy, which includes a conspiracy to fix pay rates, is in itself an unreasonable restraint of trade and illegal, and the government does not

have to prove that the defendant specifically intended to restrain trade or produce anticompetitive effects. The intent to restrain trade is satisfied with the finding of intent to fix prices by lowering pay rates. You must disregard any questions on the reasonableness of the defendant's actions, their economic impact, or possible good motives.

Your determination whether the defendant knowingly joined the conspiracy must be based solely on the actions of the defendant, as established by the evidence. You should not consider what others may have said or done to join the conspiracy. A defendant's membership in this conspiracy must be established by evidence of his own conduct—by what he said or did.

If you find that the defendant joined the conspiracy, then the defendant remains a member of the conspiracy, and is responsible for all reasonably foreseeable actions taken in furtherance of the conspiracy, until the conspiracy has been completed or abandoned, or until the defendant has withdrawn from the conspiracy.

## TRADE AND COMMERCE AMONG THE STATES

The third element of a Sherman Act offense is that the alleged conspiracy must involve interstate trade or commerce. The government must prove beyond a reasonable doubt that the conspiracy charged in the First Superseding Indictment either occurred in the flow of interstate commerce or substantially affected interstate trade or commerce.

The term "trade or commerce" embraces a wide array of economic activity and includes travel, trade, transportation, and communication, such as the purchase and sale of products or services and the transportation of persons, property, or funds. I will refer to "trade or commerce" simply as "commerce." Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. The term "interstate commerce" includes transactions in which

products, services, people, property, or funds cross state lines.

The conspiracy charged in the First Superseding Indictment occurred in the flow of interstate commerce if the commercial activity restrained or sought to be restrained—here, contracting with or employing physical therapists and physical therapist assistants and paying for their services—brought products, services, people, property, or funds across state lines or was an inseparable part of some larger commercial activity that did so. A temporary pause in the products, services, people, property or funds in transit does not necessarily mean that they are no longer in commerce. Where there is a practical continuity of their movement, they remain in commerce until they reach their final destination. If the conspiracy charged in the First Superseding Indictment occurred in the flow of interstate commerce, the interstate-commerce element is satisfied and the amount of commercial activity involved is of no significance.

If the conspiracy charged in the First Superseding Indictment did not occur in the flow of interstate commerce, it still may satisfy the interstate-commerce element if the conspiracy had (or had the potential to have) a substantial effect on some other appreciable activity occurring in interstate commerce. A conspiracy may have such an effect even though some or all of the conspirators do not themselves engage in interstate commerce and have confined their activities to a single state. Even where the conspirators' activities may have been completely local in nature, you may find that the conspiracy involved interstate commerce if the restraint imposed affected (or had the potential to affect) a not-insubstantial amount of commerce among the states. If the conspiracy failed to impose a restraint, you may find that the conspiracy involved interstate commerce if the conspiracy, had it been successful, would have affected a not-insubstantial amount of commerce among the states.

Although the government must prove beyond a reasonable doubt that the conspiracy

charged in the First Superseding Indictment occurred within the flow of, or substantially affected, interstate commerce, the government's proof need not quantify or value any impact of the charged conspiracy or show that the charged conspiracy had any anticompetitive effect.

Proof of interstate commerce as to any defendant or co-conspirator in the conspiracy charged in the First Superseding Indictment satisfies the interstate-commerce element as to every defendant.

## II.  COUNT TWO

**CONSPIRACY TO COMMIT AN OFFENSE AGAINST THE LAWS OF THE UNITED STATES**
**18 U.S.C. § 371**
**(COUNT TWO)**

In Count Two, the defendants are charged with violating Title 18, United States Code, Section 371, which makes it a crime for two or more persons to conspire to commit an offense against the laws of the United States.

The defendants are charged with conspiring (a) to corruptly influence, obstruct, impede, or endeavor to influence, obstruct, or impede the due and proper administration of the law under which a pending proceeding, specifically a Federal Trade Commission investigation, was being had before a department or agency of the United States, specifically the Federal Trade Commission; or (b) to knowingly and willfully make a materially false, fictitious, or fraudulent statement or representation in a matter within the jurisdiction of the executive branch of the government of the United States, specifically a Federal Trade Commission investigation; or (c) to knowingly and willfully make or use a false writing or document knowing the same to contain a materially false, fictitious, or fraudulent statement or entry in a matter within the jurisdiction of the executive branch of the government of the United States, specifically a Federal Trade Commission investigation.

19

As I told you earlier, a "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

The conspiracy charged in Count Two of this First Superseding Indictment is a separate and distinct offense from the conspiracy charged in Count One. The elements of the conspiracy charged in Count Two are different from those of the conspiracy to violate the Sherman Act charged in Count One, as I will now explain.

For you to find a defendant guilty of the crime charged in Count Two, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That the defendants agreed to:

    (a) corruptly influence, obstruct, impede, or endeavor to influence, obstruct, impede the due and proper administration of the law under which a pending proceeding, specifically the 2017 Federal Trade Commission investigation, was being had before a department or agency of the United States, specifically the Federal Trade Commission; or

    (b) knowingly and willfully make a materially false, fictitious, or fraudulent statement or representation in a matter within the jurisdiction of the executive branch of the government of the United States, specifically the 2017 Federal Trade Commission investigation; or

    (c) knowingly and willfully make or use a false writing or document knowing the same to contain a materially false, fictitious, or fraudulent statement or entry in a matter within the jurisdiction of the executive branch of the government of the United States, specifically the 2017 Federal Trade Commission

investigation, as charged in the First Superseding Indictment.

*Second:* That the defendants knew the purpose of the agreement and joined in it willfully, that is, with the intent to further the purpose. The government is not required to prove that the defendants knew the purpose of the agreement was in violation of a statute. However, the government must prove that the defendants knew the purpose of the agreement and must prove that the purpose was unlawful.

*Third:* That at least one of the defendants during the existence of the conspiracy knowingly committed at least one of the overt acts described in Count Two of the First Superseding Indictment, in order to accomplish some object or purpose of the conspiracy.

## ELEMENTS OF SUBSTANTIVE OFFENSE—FIRST ELEMENT
### (18 U.S.C. § 1505)
### (FOR COUNT TWO)

To assist you in determining whether the government has proved beyond a reasonable doubt that the defendants are guilty of the crime charged in Count Two, you are advised that 18 U.S.C. § 1505 makes it a crime for anyone to corruptly influence, obstruct, or impede or endeavor to influence, obstruct, or impede the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States.

The elements of this crime are:

*First*: That there was a proceeding pending before any department or agency of the United States;

*Second:* That the defendant knew of the pending proceeding;

*Third:* That the defendant influenced, obstructed, impeded, or endeavored to influence, obstruct, or impede the due and proper administration of the law in that proceeding; and

*Fourth:* That the defendant's acts were done "corruptly," that is, the defendant acted with an improper purpose, personally or by influencing another, including making a false or misleading statement, or withholding, concealing, altering, or destroying a document or other information.

It is not necessary to show that the defendant was successful in achieving the forbidden objective, only that the defendant corruptly tried to achieve it in a manner which the defendant knew was likely to influence, obstruct, or impede the due and proper administration of the law due to the natural and probable effect of the defendant's actions.

## ELEMENTS OF SUBSTANTIVE OFFENSE—FIRST ELEMENT
### (18 U.S.C. § 1001(a)(2))
### (FOR COUNT TWO)

To assist you in determining whether the government has proved beyond a reasonable doubt that the defendants are guilty of the crime charged in Count Two, you are advised that Title 18, United States Code, Section 1001(a)(2), makes it a crime for anyone to knowingly and willfully make a false or fraudulent statement in any matter within the jurisdiction of the executive, legislative, or judicial branch of the government of the United States.

The elements of this crime are:

*First:* That the defendant made a false statement to the Federal Trade Commission regarding a matter within its jurisdiction;

*Second:* That the defendant made the statement knowing that it was false;

*Third:* That the statement was material; and

*Fourth:* That the defendant made the false statement willfully for the purpose of misleading the Federal Trade Commission.

A statement is material if it has a natural tendency to influence, or is capable of influencing, a decision of the Federal Trade Commission.

It is not necessary to show that the Federal Trade Commission was in fact misled.

Keep in mind that Count Two of the First Superseding Indictment charges a conspiracy to violate 18 U.S.C. § 1001(a)(2) and not that a violation of 18 U.S.C. § 1001(a)(2) was committed. The essence of the crime of conspiracy is the agreement rather than the commission of the underlying substantive crime. Conspiring to commit a crime is an offense separate and distinct from the crime which may be the object of the conspiracy.

### ELEMENTS OF SUBSTANTIVE OFFENSE—FIRST ELEMENT
### (18 U.S.C. § 1001(a)(3))
### (FOR COUNT TWO)

To assist you in determining whether the government has proved beyond a reasonable doubt that the defendants are guilty of the crime charged in Count Two, you are advised that Title 18, United States Code, Section 1001(a)(3), makes it a crime for anyone to knowingly and willfully make a false or fraudulent statement in any matter within the jurisdiction of the executive, legislative, or judicial branch of the government of the United States.

The elements of this crime are:

*First:* That the defendant made or used any false writing or document in the Federal Trade Commission investigation regarding a matter within the Federal Trade Commission's jurisdiction;

*Second*: That the defendant knew the same contained a false, fictitious, or fraudulent statement or entry;

*Third*: That the false, fictitious, or fraudulent statement or entry was material; and

*Fourth*: That the defendant made the false statement willfully for the purpose of misleading the Federal Trade Commission.

A statement is material if it has a natural tendency to influence, or is capable of influencing, a decision of the Federal Trade Commission.

It is not necessary to show that the Federal Trade Commission was in fact misled.

Keep in mind that Count Two of the First Superseding Indictment charges a conspiracy to violate 18 U.S.C. § 1001(a)(3) and not that a violation of 18 U.S.C. § 1001(a)(3) was committed. The essence of the crime of conspiracy is the agreement rather than the commission of the underlying substantive crime. Conspiring to commit a crime is an offense separate and distinct from the crime which may be the object of the conspiracy.

## UNANIMITY OF THEORY

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies only to the unanimity requirement as to Count Two.

Count Two of the First Superseding Indictment accuses the defendants of committing the crime of conspiracy to commit an offense against the laws of the United States in three different ways.

The first is that the defendants knowingly and willfully conspired to corruptly influence, obstruct, impede, or endeavor to influence, obstruct, or impede the due and proper administration of the law under which a pending proceeding, specifically the 2017 Federal Trade Commission investigation, was being had before a department or agency of the United States, specifically the Federal Trade Commission.

The second is that the defendants knowingly and willfully conspired to knowingly and willfully make a materially false, fictitious, or fraudulent statement or representation in a matter within the jurisdiction of the executive branch of the government of the United States, specifically the 2017 Federal Trade Commission investigation.

The third is that the defendants knowingly and willfully conspired to knowingly and willfully make or use a false writing or document knowing the same to contain a materially false,

fictitious, or fraudulent statement or entry in a matter within the jurisdiction of the executive branch of the government of the United States, specifically the 2017 Federal Trade Commission investigation.

The government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt on one is enough. But in order to return a guilty verdict, all of you must agree that the same one has been proved. All of you must agree that the government proved beyond a reasonable doubt that the defendants knowingly and willfully conspired to corruptly influence, obstruct, impede, or endeavor to influence, obstruct, or impede the due and proper administration of the law under which a pending proceeding, specifically the 2017 Federal Trade Commission investigation, was being had before a department or agency of the United States, specifically the Federal Trade Commission; or, all of you must agree that the government proved beyond a reasonable doubt that the defendants knowingly and willfully conspired to knowingly and willfully make a materially false, fictitious, or fraudulent statement or representation in a matter within the jurisdiction of the executive branch of the government of the United States, specifically a Federal Trade Commission investigation; or, all of you must agree that the government proved beyond a reasonable doubt that the defendants knowingly and willfully conspired to knowingly and willfully make or use a false writing or document knowing the same to contain a materially false, fictitious, or fraudulent statement or entry in a matter within the jurisdiction of the executive branch of the government of the United States, specifically a Federal Trade Commission investigation.

## CONSPIRACY FOR COUNT TWO

As I told you earlier, one may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. For purposes

of Count Two, if a defendant understands the nature of a plan or scheme that is unlawful, and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government does not need to prove that the alleged conspirators entered into any formal agreement, or that they directly stated between themselves all the details of the scheme. Likewise, the government does not need to prove that all of the details of the scheme alleged in the First Superseding Indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

In your consideration of the conspiracy offenses as alleged in the First Superseding Indictment, you should first determine, from all of the testimony and evidence in the case, whether or not a conspiracy existed as charged.  If you conclude that a conspiracy did exist as alleged, you should next determine whether or not the defendant under consideration willfully became a member of such conspiracy.

In determining whether the defendant was a member of an alleged conspiracy, however, you should consider only the evidence, if any, pertaining to the defendant's own acts and

statements.   The defendant is not responsible for the acts or declarations of other alleged participants until it is established beyond a reasonable doubt, first, that a conspiracy existed, and second, from the evidence of the defendant's own acts and statements that the defendant was one of its members.

On the other hand, if and when it does appear beyond a reasonable doubt from the evidence in the case that a conspiracy did exist as charged, and that the defendant was one of its members, then you may consider the statements and acts knowingly made and done during such conspiracy and in furtherance of its objects, by any other proven member of the conspiracy as evidence against the defendant, even though he was not present to hear the statement made or see the act done.

Therefore, if you have first found beyond a reasonable doubt that the defendant is a member of the conspiracy charged in Count Two of the First Superseding Indictment and if you find, another conspirator committed acts in furtherance of or as a foreseeable consequence of that conspiracy, then you may find the defendant responsible for said acts, even though the defendant may not have personally participated in the acts.

This is true because, as stated earlier, a conspiracy is a kind of partnership so that under the law each member is an agent or partner of every other member, and each member is bound by or responsible for the acts and the statements of every other member made in pursuit of their unlawful scheme.

## OVERT ACT FOR COUNT TWO

For you to find the defendant guilty of the crime charged in Count Two, you must be convinced that the government, among other things, has proved beyond a reasonable doubt that at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in Count Two of the First Superseding Indictment. An overt act is

an act performed to effect the object of a conspiracy. The overt act required by Count Two need not be of a criminal nature so long as it is done in furtherance of the conspiracy.

### MULTIPLE CONSPIRACIES

You must determine whether the conspiracy charged in the First Superseding Indictment existed, and, if it did, whether the defendant was a member of it. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you find that some other conspiracy existed. If you find that a defendant was not a member of the conspiracy charged in the First Superseding Indictment, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

III.     **COUNT THREE AS TO JINDAL AND COUNT FOUR AS TO RODGERS**

**OBSTRUCTION OF PROCEEDINGS BEFORE THE FEDERAL TRADE COMMISSION
18 U.S.C. § 1505
(Count 3 and 4)**

In Counts Three and Four, the defendants are each charged with violating 18 U.S.C. § 1505, which makes it a crime for anyone to corruptly endeavor to influence, obstruct, or impede the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States.

Keep in mind that, while Counts Three and Four charge violations of 18 U.S.C. § 1505, these counts are distinct from Count Two, which charges a conspiracy to violate 18 U.S.C. § 1505 and not that a violation of 18 U.S.C. § 1505 was committed. As I instructed you earlier, the essence of the crime of conspiracy is the agreement rather than the commission of the underlying substantive crime. Conspiring to commit a crime is an offense separate and distinct from the crime which may be the object of the conspiracy. Your verdicts on Counts Three and Four may, but need not, be identical to your verdicts on Count Two.

Defendant Jindal is charged in Count Three and Defendant Rodgers is charged in Count Four with violating 18 U.S.C. § 1505 by two means: First, each defendant is charged with making false and misleading statements to the Federal Trade Commission, withholding and concealing information from the Federal Trade Commission, and making phone calls and sending text messages as part of his corrupt endeavor to influence, obstruct, and impede the Federal Trade Commission investigation. Second, each defendant is charged with aiding and abetting the other in corruptly endeavoring to influence, obstruct, and impede the Federal Trade Commission investigation. If you find that a defendant violated 18 U.S.C. § 1505 by *either* of these two means, you may convict that defendant under Count Three or Count Four, as applicable. You do not need to find that a defendant violated 18 U.S.C. § 1505 by both of these two means in order to return a guilty verdict on Count Three or Count Four against that defendant.

## ELEMENTS OF COUNTS THREE AND FOUR

For you to find a defendant guilty of the crime charged in Counts Three and Four under the first means described for committing the crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt as to that defendant:

*First*: That there was a proceeding pending before any department or agency of the United States;

*Second*: That the defendant knew of the pending proceeding;

*Third*: That the defendant endeavored to influence, obstruct, or impede the due and proper administration of the law in that proceeding; and

*Fourth:* That the defendant's acts were done "corruptly," that is, the defendant acted with an improper purpose, personally or by influencing another, including making a false or misleading statement, or withholding, concealing, altering, or destroying a document or other

information.

It is not necessary to show that the defendant was successful in achieving the forbidden objective, only that the defendant corruptly tried to achieve it in a manner which the defendant knew was likely to influence, obstruct, or impede the due and proper administration of the law due to the natural and probable effect of the defendant's actions.

## AIDING AND ABETTING

As I explained above, in Counts Three and Four, the defendants are also charged with committing the crime by a second means—by aiding and abetting each other in corruptly endeavoring to influence, obstruct, and impede the FTC investigation. If you find that the government has proved beyond a reasonable doubt that a defendant committed the crime by this means, you must return a guilty verdict on Count Three or Count Four against that defendant.

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his agent, or by acting in concert with, or under the direction of another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the defendant deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find a defendant guilty of aiding and abetting the other defendant under Count Three and/or Count Four, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That the offense of corruptly endeavoring to influence, obstruct, or impede the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States was committed by the other defendant;

*Second:* That the defendant associated with the criminal venture;

*Third:* That the defendant purposefully participated in the criminal venture; and

*Fourth:* That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.

## DUTY TO DELIBERATE—VERDICT FORM

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the First Superseding Indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial

consideration of the evidence with your fellow jurors. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendants guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared as to each defendant for your convenience. Each verdict form contains three questions, asking for your unanimous verdict as to each count charged against each defendant. The first question for each defendant asks for your unanimous verdict as to Count One; the second question for each defendant asks for your unanimous verdict as to Count Two; the third question as to Defendant Jindal asks for your unanimous verdict as to Count Three, and the third question as to Defendant Rodgers asks for your unanimous verdict as to Count Four.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the First Superseding Indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back

into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the First Superseding Indictment, until after you have reached a unanimous verdict.

**IT IS SO ORDERED.**

**SIGNED this 13th day of April, 2022.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE